UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VICTOR SONSINO, | ) | Case No. 21-54258-lrc |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| EDGEFIELD HOLDINGS, LLC | ) | Adversary Proceeding Number: |
| | ) | |
| | ) | 22-05096 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR SONSINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO DEBTORS' MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Plaintiff Edgefield Holdings, LLC ("Plaintiff" or "Edgefield"), Plaintiff in

the above-styled adversary proceeding, and files this Response to Debtor's Motion to Dismiss

Plaintiff's Complaint ("Motion to Dismiss")[Doc. No. 4].  In this Response and in the attached

Memorandum of Law, Plaintiff shows as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

On November 22, 2011, Regions Bank ("Regions") received a judgment against, *inter*

*alia*, the Debtor in that certain case styled as <u>Regions Bank v. Victor Sonsino, et al.</u>, Superior Court

of Fulton County, Case No. 2011CV197383 ("Judgment Case") in the original principal amount

of $375,092.44, plus attorney fees of $55,128.18 ("Judgment"). Regions recorded a Writ of Fieri

Facias for the Judgment on December 5, 2011 at Lien Book 2195, Page 585, Fulton County

records, and renewed the Fi Fa by recording an alias Writ of Fieri Facias on December 4, 2018 for

the Judgment at Lien Book 4300, Page 618, pursuant to O.C.G.A. § 9-12-60(a)(1). The Judgment

was assigned to Edgefield pursuant to that certain Assignment of Judgment and Loan Documents

dated August 9, 2018. Debtor filed his Chapter 7 bankruptcy petition on June 3, 2021, and

Edgefield filed its Non-Discharge Complaint on July 5, 2022, objecting to the Debtor's discharge

and dischargeability of debts, pursuant to 11 U.S.C. § 523 and 727. Debtor filed his Motion to

Dismiss on August 2, 2022, arguing that Edgefield does not have a valid claim because (1) filing

the Alias Fi Fa does not renew the Judgment and (2) the original Judgment went dormant on

November 22, 2018, before the Alias Fi Fa was recorded. The Motion to Dismiss should be denied

because (1) recording the Alias Fi Fa on the general execution docket of Fulton County did renew

the Judgment; (2) the deadline to renew the Judgment pursuant to O.C.G.A. § 9-12-60 runs from

the recording of the Fi Fa, not from the entry of the Judgment and (3) out of an abundance of

caution, Plaintiff has timely filed an action to renew the Judgment, and if the Court believes the

Judgment to be dormant, Plaintiff should be permitted to complete same to renew the Judgment

prior to dismissal of the Adversary.

## ARGUMENT AND CITATIONS TO AUTHORITY

**I.    Introduction**

A.    Standard for Dismissal

Dismissal of an adversary complaint is a "harsh penalty." In re Englander, 92 B.R. 425,

428 (9th Cir. 1988). "The general rule is 'that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief.'" In re Schwartzman, 63 B.R. 348, 354-55 (Bankr.

S.D.Ohio 1986). Moreover, in the event that a complaint seeking a denial of a debtor's discharge

(a "discharge complaint") is deficient in its pleading, "the Plaintiff should be given an opportunity

to amend 'where justice requires, there is no evidence of bad faith and the opposing party will not

be unduly prejudiced. . . .'" <u>In re Jenkin</u>, 83 B.R. 733, 735 (9th Cir. 1988) (quoting <u>Schwartzman</u>, 63 B.R. at 359).  "An opportunity to amend is especially important in discharge cases because of the short time frame in which such complaints must be filed."  <u>Id</u>. (noting that "each time [the issue of amendment] has been addressed by bankruptcy courts in the Ninth Circuit, the plaintiff has been allowed to amend his complaint.").

## II.      **Plaintiff Has A Valid Claim Against the Debtor**

  A. <u>The Recording of the Alias Fi Fa Renewed the Judgment</u>

O.C.G.A. § 9-12-60(a) and (b) provide that:

> (a) A judgment shall become dormant and shall not be enforced:
> (1) When seven years shall elapse after the rendition of the judgment before execution is issued thereon and is entered on the general execution docket of the county in which the judgment was rendered;
> (2) Unless entry is made on the execution by an officer authorized to levy and return the same and the entry and the date thereof are entered by the clerk on the general execution docket within seven years after issuance of the execution and its record; or
> (3) Unless a bona fide public effort on the part of the plaintiff in execution to enforce the execution in the courts is made and due written notice of such effort specifying the time of the institution of the action or proceedings, the nature thereof, the names of the parties thereto, and the name of the court in which it is pending is filed by the plaintiff in execution or his attorney at law with the clerk and is entered by the clerk on the general execution docket, all at such times and periods that seven years will not elapse between such entries of such notices or between such an entry and a proper entry made as prescribed in paragraph (2) of this subsection.
> (b) The record of the execution made as prescribed in paragraph (1) of subsection (a) of this Code section or of every entry as prescribed in paragraph (2) or (3) of subsection (a) of this Code section shall institute a new seven-year period within which the judgment shall not become dormant, provided that when an entry on the execution or a written notice of public effort is filed for record, the execution shall be recorded or rerecorded on the general execution docket with all entries thereon. It shall not be necessary in order to prevent dormancy that such execution be entered or such entry be recorded on any other docket.

O.C.G.A. § 9-12-60 provides that any entry of execution recorded on the general execution docket of the county in which the Judgment was entered pursuant to O.C.G.A. § 9-12-60(a)(1), (2) or (3) is sufficient to start a new seven year period to renew the Judgment. <u>First Merit Credit Services v. Fairway Aviation</u>, LLC, 860 S.E.2d 126, 130, 359 Ga.App. 829, 832 (Ga.App., 2021)("Entry on the general execution docket in accordance with paragraph (1), (2), or (3) of OCGA § 9-12-60 (a)

"shall institute a new seven-year period within which the judgment shall not become dormant[.]""); see also Corzo Trucking Corp. v. West, 674 S.E.2d 414, 415, 296 Ga.App. 399, 401 (Ga.App.,2009)("As a result, while a judgment becomes dormant seven years from the date of the last entry upon the execution docket, it does not expire until ten years after that date.")

Here, the first entry on the general execution docket of Fulton County by recording the Writ of Fieri Facias was on December 5, 2011, and then another entry, via the Alias Writ of Fieri Facias, was recorded on December 4, 2018, less than seven years after the original recording of the Writ of Fieri Facias. Therefore, the recording of the Alias Writ of Fieri Facias on December 4, 2018 started a new seven year period prior to the Judgment becoming dormant, and the Judgment is valid until December 4, 2025. First Merit Credit Services v. Fairway Aviation, LLC, 860 S.E.2d 126, 130, 359 Ga.App. 829, 832 (Ga.App., 2021).

This matter is distinguishable from the U-Driv-It System of Macon v. Lyles, 30 S.E.2d 111, 114 (Ga.App. 1944) case cited by the Debtor in the Motion to Dismiss. In that case, the Judgment had become dormant on December 24, 1933, and the alias fi fa had not been issued until June 9, 1942, nearly nine years after the Judgment had been dormant. Id. Of course, the issuance of the alias fi fa in the U-Driv-It case did not revive an already dormant judgment, as a separate petition of scire facias would have been required to revive same. Id.; see also O.C.G.A. § 9-12-61, formerly Code, § 110-1002, as cited in U-Driv-It System of Macon v. Lyles, 30 S.E.2d 111, 114 (Ga.App. 1944). The Court did not hold in U-Driv-It that the recording of an alias fi fa prior to the dormancy of the Judgment would not have renewed the Judgment. Id. Here, unlike in U-Driv-It, the Judgment had not expired on December 4, 2018 when the Alias Fi Fa was recorded, and thus the entry of the Alias Fi Fa started a new seven-year period in which the Judgment was valid. First Merit Credit Services v. Fairway Aviation, LLC, 860 S.E.2d 126, 130, 359 Ga.App. 829, 832 (Ga.App., 2021)("Entry on the general execution docket in accordance with paragraph (1), (2), or

(3) of OCGA § 9-12-60 (a) "shall institute a new seven-year period within which the judgment shall not become dormant[.]"").

**B.  The Dormancy of the Judgment Runs from the Recording of the Execution, not the Entry of the Judgment**

The Debtor also argues in his Motion to Dismiss that the seven year period runs from "date of entry of judgment", citing U-Driv-It System of Macon v. Lyles, 30 S.E.2d 111, 114 (Ga.App. 1944), and thus the Judgment became dormant on November 22, 2018. (Motion to Dismiss, p. 5). However, O.C.G.A. § 9-12-60(b) provides that:

> The record of the execution made as prescribed in paragraph (1) of subsection (a) of this Code section or of every entry as prescribed in paragraph (2) or (3) of subsection (a) of this Code section shall institute a new seven-year period within which the judgment shall not become dormant…

Therefore, the recording of the Original Writ of Fieri Facias on December 5, 2011 started a new seven year period for Plaintiff to renew the Judgment which did not expire until December 5, 2018, and Plaintiff did renew the Judgment by recording the Alias Fi Fa, as detailed above. It is unclear if the Plaintiff in U-Driv-It System of Macon v. Lyles, 30 S.E.2d 111, 114 (Ga.App. 1944) recorded a fi fa between the entry of the Judgment in 1933 and the Alias Fi Fa issued in 1942, but it appears that it did not, or that would have extended the seven year period to renew the Judgment. In either case, Plaintiff did timely renew the Judgment by recording the Alias Fi Fa on the general execution docket of Fulton County, as detailed above.

**C.      In the Alternative, Plaintiff Should Be Permitted to Revive the Judgment**

Finally, to the extent that, in spite of all the foregoing, the Court rules that the Judgment has expired, the Plaintiff  requests that the automatic stay be lifted/modified to Court allow it to revive the Judgment and amend its Complaint. Out of an abundance of caution, on March 11, 2021, Plaintiff timely filed a Petition to Renew/Revive the Judgment in that certain case styled as Edgefield Holdings, LLC v. Victor Sonsino, et al., Superior Court of Fulton County, Case No.

2021CV346877 ("Revival Case"). A true and correct copy of the Petition filed in the Revival Case is attached hereto as **Exhibit A**. When Plaintiff was unable to serve the Debtor, the Revival Case was dismissed by the Court for failure to prosecute on February 23, 2022. ("Dismissal", a true and correct copy of which is attached hereto as **Exhibit B**), despite the Plaintiff having filed a Notice of Bankruptcy in the Revival Case on February 22, 2022, a true and correct copy of which is attached hereto as **Exhibit C**. If the Court finds that the Judgment became dormant on December 6, 2018, it should grant Plaintiff relief from stay to revive same[1] and then proceed with the Adversary.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss, or, in the alternative, to allow Plaintiff to revive the Judgment before ruling on same.

Respectfully submitted this 10th day of August, 2022.

**ROGERS LAW OFFICES**

By:   /s/ Beth E. Rogers
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No.  940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
(770) 685-6320 phone
(678) 990-9959 fax
Attorneys for Plaintiff

---

[1] Plaintiff will file shortly a Motion for Relief from Stay in the main bankruptcy case seeking relief from stay to file another Petition to Revive the Judgment.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VICTOR SONSINO, | ) | Case No. 21-54258-lrc |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| EDGEFIELD HOLDINGS, LLC | ) | Adversary Proceeding Number: |
| | ) | |
| | ) | 22-05096 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR SONSINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I served the within and foregoing Response to Motion to Dismiss via ECF upon:

**Kennon Peebles, Jr.**
Law Office of Kennon Peebles,
Jr.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, GA 30096
*Attorney for Debtor*

This 10th day of August, 2022.

*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092

Fulton County Superior Court
***EFILED***TV
Date: 3/11/2021 4:50 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

Exhibit A

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 2021CV346877 |
| | ) | |
| ROYAL CROWN PROPERTIES, LLC | ) | |
| VICTOR SONSINO and | ) | |
| EHUD GOLDSTEIN. | ) | |
| Defendant(s). | ) | |

### PLAINTIFF'S PETITION TO RENEW/REVIVE JUDGMENT AGAINST VICTOR SONSINO ONLY

Plaintiff Edgefield Holdings, LLC ("Edgefield" or "Plaintiff"), for its Petition to Renew

Dormant Judgment pursuant to O.C.G.A. § 9-12-61 and O.C.G.A. § 9-12-66 respectfully shows

this Court the following:

1.      Plaintiff is a Delaware limited liability company authorized to conduct business in

Georgia.

2.      On November 22, 2011, a Judgment was entered against Defendant Victor Sonsino

("Defendant") only in favor of Regions Bank in the amount of $375,092.44 in principal and

accrued interest as of the date of the judgment, plus attorney's fees in the amount of $55,128.18,

plus post judgment interest at the legal rate (the "Debt") in that certain case styled <u>Regions Bank

v. Royal Crown Properties, LLC, Victor Sonsino, and Ehud Goldstein</u>; Superior Court of Futlon

County, GA; Case No. 2011CV197383 (the "Judgment").

3.      The Judgment was assigned to Edgefield Holdings, LLC. A true and correct copy

of the Bill of Sale assigning the Judgment from Regions Bank to Edgefield is attached hereto as

**Exhibit "A"**.

4.      A Writ of Fieri Facias on the Judgment (the "Original Fi Fa") was recorded against Defendant on December 6, 2011 in the General Execution Docket of Fulton County, Georgia at Book 2195, Page 585. A true and correct copy of the Original Fi Fa is attached hereto as **Exhibit "B"**.

5.      An Alias Writ of Fieri Facias on the Judgment (the "First Alias Fi Fa") was recorded against Defendant on December 4, 2018 in the General Execution Docket of Fulton County, Georgia at Book 4300, Page 618. A true and correct copy of the First Alias Fi Fa is attached hereto as **Exhibit "C"**.

6.      A Second Alias Writ of Fieri Facias on the Judgment (the "Second Alias Fi Fa") was recorded against Defendant on February 26, 2020 in the General Execution Docket of Fulton County, Georgia at Book 4798, Page 156. A true and correct copy of the Second Alias Fi Fa is attached hereto as **Exhibit "D"**.

7.      To the extent the Judgment has become dormant, Plaintiff is seeks to revive the Judgment.

8.      The debt for which said Judgment was rendered remains unsatisfied and the Defendant herein refuses to pay same.

9.      Defendant Victor Sonsino currently resides in Fulton County, Georgia at 5092 N Peachtree Road, Atlanta, GA 30338 and can be served with process at such address and is subject to the jurisdiction and venue of this Court.

10.      The time period pursuant to O.C.G.A. § 9-12-61 has not yet expired and Plaintiff is entitled to have the Judgment for this Debt revived.

WHEREFORE, Plaintiff demands that the Judgment against Defendant be revived and renewed.

This 10th day of March, 2021.

**ROGERS LAW OFFICES**

*/s/ Beth E. Rogers*

Beth E. Rogers
Georgia Bar No. 612092
James F. F. Carroll
Georgia Bar No. 940350
100 Peachtree Street, Suite 1950
Atlanta, Georgia 30303
770-685-6320 phone
678-990-9959 fax
*Attorneys for Plaintiff*

Exhibit A

Exhibit B

ASSIGNMENT OF JUDGMENTS AND LOAN DOCUMENTS

("**Assignor**"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to Edgefield Holdings, LLC, a Delaware limited liability company ("**Assignee**"), all of Assignor's right, title and interest in and to (a) the judgments described on **Exhibit A** attached hereto (collectively, the "**Judgments**") and all related documents and rights Assignor has in the Judgments, as the same may have been assigned, amended, supplemented, restated or modified and (b) the Loan Documents (as defined in the Purchase Agreement (as defined below)), as the same may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and its successors and assigns forever.

It is the intention of the parties herein that by virtue of this Assignment, Assignee will become the owner of the Judgments and all of Assignor's rights, title and interest incident thereto.

Assignor hereby nominates and appoints Assignee as its attorney-in-fact, which shall be construed as being coupled with an interest, with respect to the assignment or recording of any Judgment or Loan Documents, which shall include the right to act in Assignor's and its affiliates' names, places and steads to execute, deliver and record any instrument of assignment, recording, perfection, protection, amendment, renewal, extension, application and any other documents which Purchaser, in its sole and exclusive judgment and discretion, deems necessary or desirable to assign, preserve, register and/or record its rights in and to the Judgments and Loan Documents.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, except as set forth in that Purchase Agreement dated as of _August 6, 2018 between Assignor and Assignee (the "**Purchase Agreement**").

[Signature on following page]

Dated this ___6th___ day of _August_, 2018.

REGIONS BANK, an Alabama banking corporation

By: _Debbie Upchurch_

Name:  Debbie Upchurch

Its:      Vice President

STATE OF ALABAMA            )
                                               ) ss:
COUNTY OF ~~JEFFERSON~~ _Talladega_  )

     Before me, _Kyle Tatum_ in and for said County and State, on this **6**th day of _August_, 2018_, personally appeared _Debbie Upchurch_, to me known to be the identical person who subscribed the name of the Assignor to the foregoing instrument as its _Vice President_ and acknowledged before me that he executed the same as his free and voluntary act and deed, and as the free and voluntary act and deed of _Regions Bank_, for the uses and purposes therein set forth.

_____
Notary Public

Exhibit A

| Judgment Debtor | Judgment Amount | Date of Judment |
|---|---|---|

Exhibit A



| Royal Crown Properties | $430,220.62 | 12/5/2011 |

## WRIT OF FIERI FACIAS
## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

CIVIL ACTION NUMBER　2011CV197383

JUDGMENT DATE　11/22/2011

Plaintiff's Attorney – Name, Address & Telephone

Name: JOHN MICHAEL KEARNS

Address:
BURR & FORMAN LLP
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, GA 30363

Telephone & Area Code 404-815-3000

Fi. Fa. In Hands of:＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

```
   Lien  2195 Pg  585
iled and Recorded Dec-06-2011 01:33pm
   2011-0326143
  Cathelene Robinson
  Clerk of Superior Court
  Fulton County, Georgia
```

### CANCELLATION

The within and forgoing Fi Fa. Having been paid in full the Clerk of Superior Court is hereby directed to cancel it of this ＿＿＿＿＿ ＿＿＿＿＿ day of ＿＿＿＿ 20 ＿＿＿

Signature: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Title: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

REGIONS BANK

Plaintiff(s) in FiFa

VS.

ROYAL CROWN PROPERTIES, LLC, VICTOR SONSINO, and EHUD GOLDSTEIN

Defendant(s) in FiFa

To all and singular the sheriffs of the State and their lawful deputies:

In the above styled case, and on the judgment date set out, the plaintiff(s) named above, judgment in the following sums:

| | | |
|---|---|---|
| Principal | $ | 375,092.44 |
| Interest | $＿＿＿＿＿ | |
| Interest – Other | $＿＿＿＿＿ | |
| Attorney's Fees | $ | 55,128.18 |
| Court Cost | $＿＿＿＿＿ | |
| Totals | $＿＿＿＿＿ | |

NOTE:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

with future interest upon said principal amount from the date of the judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and chattels, land and tenements of said defendant(s). and ESPECIALLY/ONLY of the following described property, to wit:

YOU cause to be made the several sums set out in the forgoing recital of the judgment in this cause and have the said several sums of money before the Superior Court of this County at the next term of court, with this Writ to render to said plaintiff(s), interest, attorney fees and costs aforesaid.

Witness the Honorable ＿＿Henry M. Newkirk＿＿＿＿＿＿＿＿＿＿＿＿＿ Judge of Said Court, this the

5th ＿＿＿＿＿＿＿＿＿ day of December, 2011 .

Cathelene Robinson, Clerk of Superior Court

By: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Deputy Clerk
Entered on General Execution Docket at
Page ＿＿＿＿ this ＿＿＿ day of ＿＿＿＿＿, 20＿＿ .

166-16-689

# WRIT OF FIERI FACIAS
## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

Exhibit C

## ALIAS FIFA

**CIVIL ACTION NUMBER**  2011CV197383

**JUDGMENT DATE**  11/22/2011

**Plaintiff's Attorney – Name, Address & Telephone**

**Name:** Christopher H. Ezell

**Address:** Jones Walker LLP
One Midtown Plaza, Suite 1030

1360 Peachtree ST NE

Atlanta, GA 30309

**Telephone & Area Code** 404-870-7500

Fi. Fa. In Hands of:_____

_____

Original FiFa Filed and Recorded on

December 6, 2011

Lien Book # 2195 Page# 585

### CANCELLATION

The within and forgoing Fi Fa. Having been paid in full the Clerk of Superior Court is hereby directed to cancel it of this _____ day of _____ 20 _____

Signature:

_____

Title:

_____

REGIONS BANK

Plaintiff(s)

VS.

ROYAL CROWN PROPERTIES, LLC, VICTOR SONSINO AND EHUD GOLDSTEIN

Defendant(s)

To all and singular the sheriffs of the State and their lawful deputies:

In the above styled case, and on the judgment date set out, the plaintiff(s) named above, judgment in the following sums:

| | | |
|---|---|---|
| Principal | $ | 375,092.44 |
| Interest | $ | |
| Interest – Other | $ | |
| Attorney's Fees | $ | 55,128.18 |
| Court Cost | $ | |
| Totals | $ | |

NOTE:_____

with future interest upon said principal amount from the date of the judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and chattels, land and tenements of said defendant(s). and ESPECIALLY/ONLY of the following described property, to wit:

YOU cause to be made the several sums set out in the forgoing recital of the judgment in this cause and have the said several sums of money before the Superior Court of this County at the next term of court, with this Writ to render to said plaintiff(s), interest, attorney fees and costs aforesaid.

Witness the Honorable    Henry M. Newkirk    Judge of Said Court, this the

5th    day of December, 202011

Lien 4300 Pg 618
Filed and Recorded Dec-04-2018 10:23am
2018-0308700
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

Cathelene Robinson, Clerk of Superior Court

By:_____

Deputy Clerk

Entered on General Execution Docket

Page _____ this ___ day of _____

Exhibit D

## WRIT OF FIERI FACIAS
## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

## ALIAS

**CIVIL ACTION NUMBER**  2011CV197383

**JUDGMENT DATE**  11/22/11

**Plaintiff's Attorney – Name, Address & Telephone**

**Name:** BETH ROGERS

**Address:**
ROGERS LAW OFFICES
THE EQUITABLE BLDG
100 PEACHTREE ST, STE 1950
ATLANTA GA 30303

**Telephone & Area Code** 770-685-6320

Fi. Fa. In Hands of:_____

_____

ORIGINAL FIFA FILED LN BK 2195 PG 585

ALIAS FIFA FILED LN BK 4300 PG 618

EDGEFIELD HOLDINGS LLC

Plaintiff(s)

VS.

VICTOR SONSINO

Defendant(s)

To all and singular the sheriffs of the State and their lawful deputies:

In the above styled case, and on the judgment date set out, the plaintiff(s) named above, judgment in the following sums:

| | | |
|---|---|---|
| Principal | $ | 375,092.44 |
| Interest | $ | |
| Interest – Other | $ | |
| Attorney's Fees | $ | 55,128.18 |
| Court Cost | $ | |
| Totals | $ | |

NOTE:_____

_____

with future interest upon said principal amount from the date of the judgment at the legal rate.

Therefore, YOU ARE COMMANDED, that of the goods and chattels, land and tenements of said defendant(s). and ESPECIALLY/ONLY of the following described property, to wit:

### CANCELLATION

The within and forgoing Fi Fa. Having been paid in full the Clerk of Superior Court is hereby directed to cancel it of this _____ day of _____ 20 _____

Signature:

_____

Title:

_____

YOU cause to be made the several sums set out in the forgoing recital of the judgment in this cause and have the said several sums of money before the Superior Court of this County at the next term of court, with this Writ to render to said plaintiff(s), interest, attorney fees and costs aforesaid.

Witness the Honorable ___ HENRY M NEWKIRK _____ Judge of Said Court, this the
26TH _____ day of FEBRUARY, 2020 .

Cathelene Robinson, Clerk of Superior Court

By_____
Deputy Clerk
Entered on General Execution Docket
Page _____ this ___ day of _____, 20____.

Lien 4798 Pg 156
Filed and Recorded Feb-26-2020 01:55pm
2020-0103943
ATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

166-16-689

A diligent search was made and no property of the defendant(s) _____

_____

Has been found in this County, on which to levy this Fi
Fa. This the _____ day of _____, 200_____

_____
Deputy Sheriff

**STATE OF GEORGIA, COUNTY OF FULTON:**

I have this day executed the within Fi Fa. by levying upon and seizing the following described property of defendant(s). to-wit:

**STATE OF GEORGIA, COUNTY OF FULTON:**

I have this day executed the within Fi Fa. by levying upon and seizing the following described property of defendant(s). to-wit:

Levied at _____

Georgia, this _____ day of _____, 20_____

_____
Deputy Sheriff

**THE PROPERTY DESCRIBEDIN LEVY WAS KNOCKED DOWN TO**

_____

| | |
|---|---|
| Sheriff's Service | $_____ |
| Sheriff's Commission | $_____ |
| Sheriff's Deed | $_____ |
| Sheriff's Levy | $_____ |
| Advertising Fee | $_____ |
| Other | $_____ |
| Total | $_____ |
| Net Proceeds | $_____ |

Levied at _____

Georgia, this _____ day of _____, 20_____

_____
Deputy Sheriff

**THE PROPERTY DESCRIBEDIN LEVY WAS KNOCKED DOWN TO**

_____

| | |
|---|---|
| Sheriff's Service | $_____ |
| Sheriff's Commission | $_____ |
| Sheriff's Deed | $_____ |
| Sheriff's Levy | $_____ |
| Advertising Fee | $_____ |
| Other | $_____ |
| Total | $_____ |
| Net Proceeds | $_____ |

Fulton County Superior Court
***EFILED***AC
Date: 2/23/2022 3:19 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Exhibit B

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | 2021CV346877 |
| v. | ) | |
| | ) | |
| ROYAL CROWN PROPERTIES, LLC, | ) | |
| VICTOR SONSINO and | ) | |
| EHUD GOLDSTEIN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL FOR WANT OF PROSECUTION

It having come to this Court's attention that, pursuant to this Court's January 21, 2022 Order to Perfect Service, Plaintiff was directed to perfect service on Defendants no later than February 21, 2022 or this case may be dismissed without prejudice.  Plaintiff having failed to perfect service as of the date of this Order, this matter is **HEREBY DISMISSED** for want of prosecution.

**SO ORDERED** this the 23rd day of February, 2022.

Ural D. Glanville, Judge
Superior Court of Fulton County
Atlanta Judicial Circuit

*Filed and served via e-FileGA.*

Fulton County Superior Court
***EFILED***MH
Date: 2/22/2022 12:00 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

Exhibit C

| | | |
|---|---|---|
| EDGEFIELD HOLDINGS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.: 2021CV346877 |
| | ) | |
| ROYAL CROWN PROPERTIES, LLC | ) | |
| VICTOR SONSINO and | ) | |
| EHUD GOLDSTEIN. | ) | |
| Defendant(s). | ) | |

### NOTICE OF BANKRUPTCY OF DEFENDANT
### VICTOR SONSINO

COMES NOW Edgefield Holdings, LLC ("Edgefield"), Plaintiff in the above-styled matter, by and through counsel, and hereby files this Notice of Bankruptcy with respect to Defendant Victor Sonsino ("Sonsino" or "Defendant"), respectfully showing this Court as follows:

1.      Defendant Sonsino filed a petition for relief under Chapter 7 of the Bankruptcy Code, with the United States Bankruptcy Court for the Northern District of Georgia (Atlanta Division) (the "Bankruptcy Court"), on June 3, 2021, the same being styled as, In re Victor Sonsino, Case No. 21-54258.  A copy of Defendant Sonsino's Notice of Bankruptcy is attached hereto and incorporated herein as **Exhibit "A"**.

2.      Pending further Orders of the Bankruptcy Court, Plaintiff shows this Court that the filing of the petition for relief stays any further actions against Defendant Sonsino in the above-styled matter pursuant to 11 U.S.C. § 362(a).

WHEREFORE, Plaintiff prays that this Court stay all further proceedings in this action against Defendant Sonsino pending further Orders of the Bankruptcy Court.

This 21st day of February, 2022.

**ROGERS LAW OFFICES**

By:__/s/James F. F. Carroll
   Beth E. Rogers, Georgia Bar No. 612092
   James F. F. Carroll, Georgia Bar No. 940350
   9040 Roswell Rd, Suite 205
   Atlanta, GA 30350
   770-685-6320 phone
   678-990-9959 fax
   brogers@berlawoffice.com
   *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

#

     This is to certify that I have this date served the following as counsel of record in the foregoing matter, with a copy of the within and foregoing **Notice of Bankruptcy of Defendant Victor Sonsino** by depositing a true and correct copy in the U.S. mail with sufficient postage affixed thereon to assure first class delivery and properly addressed as follows:

Law Office of Kennon Peebles,
Jr.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, GA 30096

     This 21st day of February, 2022.

                                    */s/James F. F. Carroll*_____
                                      James F. F. Carroll

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Victor Sonsino** | Social Security number or ITIN   259–31–8144 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____ |
| | | EIN   __–_____ |
| United States Bankruptcy Court   **Northern District of Georgia** Court website: www.ganb.uscourts.gov | | Date case filed for chapter 7   **6/3/21** |
| Case number:   **21–54258–lrc** | | |

> EXHIBIT
> A

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline   10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov . Copy fees or access charges may apply. A free automated response system is available at 866–222–8029 (Georgia Northern). You must have case number, debtor name, or SSN when calling.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1. Debtor's full name | Victor Sonsino | |
| 2. All other names used in the last 8 years | | |
| 3. Address | 1465 Wembley Ct NE Atlanta, GA 30329–3968 | |
| 4. Debtor's attorney Name and address | Kennon Peebles Jr. Law Office of Kennon Peebles, Jr. 3296 Summit Ridge Pkwy Suite 1720 Duluth, GA 30096  Contact phone 470–395–4427 Email: kennon@peebleslaw.net | |
| 5. Bankruptcy trustee Name and address | Cathy L. Scarver P. O. Box 672587 Marietta, GA 30006 | Contact phone (404) 551–5142 |

For more information, see page 2 >

012954

25507012966016

Debtor **Victor Sonsino**                                                                 Case number 21–54258–lrc

---

| 6. **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | M. Regina Thomas<br>Clerk of Court<br><br>1340 United States Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, GA 30303 | Office Hours: <u>8:00 a.m. – 4:00 p.m.</u><br><br>Court website: www.ganb.uscourts.gov<br><br>Contact phone 404–215–1000 |

---

| 7. **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Bring a copy of this notice with you. Creditors may attend, but are not required to do so. Cellular phones and other devices with cameras are not allowed in the building. | **June 29, 2021 at 11:10 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>TO THE DEBTOR: Bring an original government issued photo ID and confirmation of social security number. Provide the Trustee a copy of your most recently filed tax return seven days prior to the meeting, but DO NOT FILE WITH THE COURT. | Location:<br><br>**Meeting will be telephonic. To attend, Dial: 866–643–4798 and enter: 6831913, when prompted for participation code.** |

---

| 8. **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |

---

| 9. **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br><br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 8/30/21** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

---

| 10. **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |

---

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

---

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |

---

012954        25507012966016

25507012966025

SAT-25507 113E-9 309a 21-54258
Kennon Peebles, Jr.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, GA  30096

012954  12954 I AB 0.425  30303  6 8  9337-1-13190

Beth Rogers, Esq.
100 Peachtree St NW Ste 1950
Atlanta, GA  30303-1919

012954     25507012966025