UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| VICTOR SONSINO, ) | Case No. 21-54258-lrc |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| EDGEFIELD HOLDINGS, LLC ) | Adversary Proceeding Number: |
| ) | |
| ) | 22-05096 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VICTOR SONSINO, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEBTOR'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Plaintiff Edgefield Holdings, LLC ("Plaintiff" or "Edgefield"), Plaintiff in the above-styled adversary proceeding, and for its Supplemental Brief in Response to Debtor's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss")[Doc. No. 4], shows the Court as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

After the Plaintiff filed its Adversary Complaint in this matter, objecting to the Debtor's discharge and the dischargeability of his debt, the Debtor filed a Motion to Dismiss on August 2, 2022, alleging that Plaintiff did not have standing to file the Adversary Complaint, as its Judgment[1] had become dormant. [Doc. No. 4]. Plaintiff filed a Response to the Motion to Dismiss [Doc. No.

---
[1]

5] and on August 22, 2022, Plaintiff filed a Motion for Relief from Stay in Debtor's bankruptcy case, seeking relief from stay to revive its Judgment (if dormant)("MFRS"). [Doc. No. 71]. After a hearing the Court granted the MFRS on September 29, 2022. [Doc. No. 74].

On November 1, 2022, this Court entered an Order in the Adversary holding this Adversary in abeyance until it was advised of the outcome of the Revival Action filed by the Plaintiff. [Doc. No. 6]. In the meantime, Plaintiff filed a Revival Action, styled as Edgefield Holdings, LLC v. Victor Sonsino, Superior Court of Fulton County, Case No. 2022CV373160 ("Revival Lawsuit"), and after serving the Debtor with the Revival Lawsuit, on March 28, 2023, the Court in the Revival Lawsuit entered an Order Reviving the Judgment. ("Revival Order", a true and correct copy of which is attached hereto as **Exhibit A**). Therefore, the Motion to Dismiss should be denied, as the Judgment has been revived (if it was ever dormant) by the entry of the Revival Order.

## ARGUMENT AND CITATIONS TO AUTHORITY

Courts have held that when a previously dormant judgment is revived in a bankruptcy case, a creditor has standing to file a proof of claim that will be allowed. See In re Contreras, 571 B.R. 789, 794 (Bkrtcy.N.D.Ill., 2017)("should Unifund revive its judgment and file an amended proof of claim, its claim will be allowed"). Here, Edgefield has revived its Judgment prior to any proof of claim deadline in this matter and thus should be permitted to pursue this Adversary pursuant to Section 502(b)(1). Notably, Edgefield has revived its Judgment prior to any proof of claim deadline being instituted in this case, let alone passing, and thus its claim has not been "conclusively disproved" pursuant to Bishara v. O'Callaghan (In re O'Callaghan ), 304 B.R. 500, 511 (Bankr.M.D.Fla. 2003), as cited by the Debtor in the Motion to Dismiss.

In addition, the Southern District of Georgia has held that when a judgment becomes dormant, the indebtedness owed on the Judgment may still form the basis for an unsecured proof of claim, even if the judgment lien is no longer valid. In re Beckham, 2004 WL 2201264, at *2

2

(Bkrtcy.S.D.Ga.,2004)("A & W Oil failed to introduce any evidence to suggest it renewed its Judgment prior to the Debtor's bankruptcy filing. Thus, the Judgment was dormant on that date and A & W Oil has no enforceable judgment lien. The Debtor's objection to A & W Oil's amended proof of claim is hereby ORDERED sustained. A & W Oil's claim is allowed as general UNSECURED.") Therefore, even if Edgefield had not revived its Judgment and same was held to be dormant by this Court, Edgefield would still have a valid unsecured claim, as the indebtedness would still be owed, and thus Edgefield would be permitted to pursue this Adversary.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Dismiss.

Respectfully submitted this 5th day of April, 2023.

**ROGERS LAW OFFICES**

By:   /s/ Beth E. Rogers
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
9040 Roswell Road, Suite 205
Atlanta, GA 30350
(770) 685-6320 phone
(678) 990-9959 fax
Attorneys for Plaintiff

3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VICTOR SONSINO, | ) | Case No. 21-54258-lrc |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| EDGEFIELD HOLDINGS, LLC | ) | Adversary Proceeding Number: |
| | ) | |
| | ) | 22-05096 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VICTOR SONSINO, | ) | |
| | ) | |
|     Defendant. | ) | |

CERTIFICATE OF SERVICE

    This is to certify that on this date I served the within and foregoing Suplemental Brief in Response to Motion to Dismiss via ECF upon:

**Kennon Peebles, Jr.**
Law Office of Kennon Peebles, Jr.
3296 Summit Ridge Pkwy
Suite 1720
Duluth, GA 30096
*Attorney for Debtor*

    This 5th day of April, 2023.

                                                      */s/ Beth E. Rogers*
                                                      Beth E. Rogers, Georgia Bar No. 612092

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EDGEFIELD HOLDINGS, LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 2022CV373160 |
| VICTOR SONSINO, ) | |
| ) | |
| Defendant. ) | |

### FINAL ORDER REVIVING DORMANT JUDGMENT

Judgment was rendered against Defendant Victor Sonsino on November 22, 2011 in the Superior Court of Muscogee County in that certain case styled *Regions Bank v. Royal Crown Properties, LLC, Victor Sonsino, and Ehud Goldstein*; Superior Court of Fulton County, GA; Case No. SU11CV4258 in the amount of $375,092.44 in principal and accrued interest as of the date of the judgment, plus attorney's fees in the amount of $55,128.18, plus post judgment interest at the legal rate (the "Judgment").[1] It appearing to the Court in the above-styled case that the revival action was duly issued and served upon Defendant Victor Sonsino and no sufficient cause having been shown where said Judgment should not be revived,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said Judgment be and the same is hereby revived for the sum of $375,092.44 in principal and accrued interest as of the date of the judgment, plus attorney's fees in the amount of $55,128.18, plus post-judgment interest at the legal rate from the date of judgment. Let execution issue hereon according to the statute in such case made and provide.

SO ORDERED this 23rd day of March, 2023.

*/s/ Scott McAfee*

_____
JUDGE SCOTT MCAFEE
SUPERIOR COURT OF FULTON COUNTY

---

[1] Plaintiff's previous action to renew/revive judgment, filed March 11, 2021 (*Edgefield Holdings, LLC v. Victor Sonsino, et al.*, Superior Court of Fulton County, Case No. 2021CV346877), was stayed by a Chapter 7 Bankruptcy Petition filed by Defendant on June 3, 2021, (*In re Victor Sonsino*, United States Bankruptcy Court, Northern District of Georgia, 21-54258-lrc), and was ultimately dismissed.